Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| JOSÉ JUAN BABILONIA CHAPEL<br><br>Demandante Peticionario<br><br>v.<br><br>NOELIA ANGÉLICA SANTOS SIERRA<br><br>Demandada Recurrida | TA2026CE00558 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: AR2025RF00092 Sala: (Salón 2)<br><br>Sobre: Divorcio Ruptura Irreparable |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de mayo de 2026.

Comparece el señor José Juan Babilonia Chapel vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Utuado, emitida el 13 de abril de 2026. En dicho dictamen, se ordenó a la parte recurrida a informar si iba a contratar a un perito y si todavía tenía la intención de impugnar el *Informe Social Forense* presentado en el caso de epígrafe. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari* por falta de jurisdicción.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción

para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Sabido lo anterior, mientras exista una determinación pendiente ante la consideración del tribunal apelado, cualquier recurso presentado ante el Tribunal de Apelaciones será prematuro. *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015). Del Tribunal de Primera Instancia resolver la controversia pendiente, la parte solicitante podrá recurrir nuevamente al foro apelativo. *Íd.*

En el presente caso, el peticionario recurrió prematuramente al Tribunal de Apelaciones. Del expediente se desprende que, el 5 de mayo de 2026, el peticionario presentó una *Moción en Solicitud de Remedio Contra Orden en Torno a Impugnación a Informe Social Forense* y solicitó que, ante la falta de respuesta de la recurrida a la *Orden* del 13 de abril de 2026, el Tribunal de Primera Instancia acogiera dicho informe, disponiendo de ciertas condiciones a la parte recurrida. Ese mismo día, la recurrida igualmente presentó una *Moción Informativa Sobre Uso de Perito para la Vista de Impugnación del*

*Informe Social* en la cual expuso que no iba a utilizar un perito, pero que sí se disponía a impugnar el informe.

Dichas mociones están relacionadas con la Orden impugnada en el presente recurso y de algún modo modifican sus efectos, por lo que su resolución, a cargo del Tribunal de Primera Instancia, constituye una condición sin la cual resulta inocuo y prematuro atender el recurso de epígrafe. Por tanto, ante un recuso de *certiorari* prematuro, carecemos de la jurisdicción o autoridad para evaluar la controversia en sus méritos.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones